# Webster *vs.* Quimby.

In an action against an officer for neglect in making an attachment of property on a writ, no damage can be recovered unless the plaintiff show an indebtedness of the defendant in the original action; and the same testimony is required, and the same rules of evidence applied, as in sustaining the suit against the original debtor.

Where an attorney encloses a writ to an officer for service, whether he makes service or not, he *is bound to return the writ*; and *a neglect in* this *respect* will subject him to a claim of nominal damages.

THIS was an action against the defendant, as a deputy sheriff, for neglecting to make an attachment of property, and to return a writ in favor of the plaintiff against one Richard Chapman.

The writ was on a general count of money had and received; and the plaintiff's attorney in the original suit testified that it was intended to cover three notes in his hands at the time of suing out the writ.

The notes were witnessed, and the subscribing witness was not produced; but the attorney testified that the notes were signed in the hand writing of the debtor.

It was objected that this was not competent evidence of the notes; but it was admitted, subject to the opinion of the court.

No positive instructions, as to the mode of service, were given to the officer. The writ was enclosed to him by letter, and he was requested to get along in as easy a way for the debtor as he could, and was informed that the plaintiff wished to have the debt secured.

Prior to the receipt of the writ, Chapman's property had been attached, and an assignment had been made for the benefit of the attaching creditors and certain other individuals. It was contended that the assignment was void, and that an attachment should have been made, notwithstanding the assignment. The plaintiff's name was inserted in the assignment, as one of the creditors to be secured; but there was no evidence that he ever assented to the assignment.

The defendant made no attachment, and no return of the writ, and the debt remains unpaid.

Verdict was taken for the defendant, subject to be set aside and judgment rendered for the plaintiff in such sum as the court should direct.

*Bartlett*, for the plaintiff. This suit is brought against the defendant as an officer, for neglect of duty in failing to make service of a writ placed in his hands; and it is only necessary to show *prima facie* evidence of a debt, so far as the officer is concerned.

The writ was placed in the officer's hands, with full instructions for service. The request that he should be indulgent did not justify his making no service.

*Farley*, for the defendant, contended that the officer received the writ merely as the agent of the party, and had discretionary power to make service of it, or not, as he deemed most for the interest of the creditor: That in the exercise

of this discretion he did not deem it advisable to make service of the writ, and therefore no return of it was necessary.

He also contended that on the claim of damage no competent evidence was offered; that not even a *prima facie* case was made out.

UPHAM, J.    The action in this case is against the defendant for neglecting to make an attachment of property, and to return a writ entrusted to him for service : and the plaintiff claims damage in his declaration for neglect in both these respects.    The claim of damage is a substantial allegation in cases of this description ; and whether the plaintiff has incurred damage or not, arises from the fact whether or not he had a subsisting debt on which his writ, placed in the hands of the officer, was founded.

In an action against a sheriff for *false return* on mesne process, it is holden that the declaration should state that the plaintiff had good cause of action against the defendant in the original suit, by stating that the defendant was indebted to him for money lent, goods sold, &c., and the plaintiff should prove such averment.    *Esp. N. P. C.* 477, *& notes.* And this is required in all cases of *default* by the officer in the service of mesne process ; and such evidence as would charge the defendant in the original suit, will be sufficient proof of the debt against the sheriff.    *Esp. N. P. C.* 695 ; *Peake's do.* 65.

In case of an action against the officer for permitting an escape on mesne process, it is holden that it must be stated and proved that the plaintiff had a cause of action against the party arrested.    If this be not averred, the declaration is bad on demurrer ; and if it be not proved as averred, the plaintiff will be nonsuited.    2 *Lev.* 85, *Hunter* vs. *Clayton ;* 4 *D. & E.* 611, *Alexander* vs. *McCanley ;* 2 *Saund.* 151, note 1 ; 5 *Esp.* 160, *White* vs. *Jones ;* 1 *Bos. & Pul.* 281, *Webb* vs. *Herne.*

There seems to be no doubt upon this subject.    If this

point is essential, it should be made out by the usual mode of proof. There is no reason why it should form an exception to the general rule. The same testimony is required in recovering damage against the officer that would be necessary in prosecuting the claim against the original debtor.

In this instance, in attempting to prove the debt which existed against the original debtor, it appeared that the plaintiff's claim was founded on three promissory notes, the signature to each of which was attested by a subscribing witness, who was not produced, and no excuse was given for his absence; and the only evidence offered of the debt was proof of the hand writing of the debtor. This would have been clearly inadmissible, under such circumstances, to sustain a claim against the debtor. 6 *N. H. R.* 561, *Farnsworth* vs. *Briggs, and authorities there cited.*

Without this testimony there was no legal evidence of the existence of a debt in favor of the plaintiff in the original action; and until such a debt is proved, no claim of damage can be sustained against the defendant for not serving or returning what must, under such circumstances, be considered as a void writ. For this reason judgment must be for the defendant.

But the principal question designed to be raised in this case was, whether the officer received the writ under such circumstances as to render him liable in his capacity as an officer, or whether he received it merely as an agent, with such discretionary power as to relieve him from official liability.

The writ was enclosed to the officer in a letter, which was as follows:

" Sir—Enclosed is a writ against Richard Chapman. All that is wished is, that you would try to get along in as easy a way for Chapman as you can. The debt Webster wishes to have secured. He don't care about a continuance, but wishes security. Yours, &c.

We are all of opinion, that whether the officer was bound, under these instructions, to make service of the writ or not, he was bound to make due return of it ; and that his neglect to return the writ to the court or the plaintiff's attorney, would have rendered him liable in nominal damages, had the other necessary facts been made out. But for the reason first mentioned, there being no proof of debt in the original suit, judgment must be upon the verdict for the defendant.

*Judgment for the defendant.*